IN THE UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | | |
|---|---|---|
| **Patricia Marshall,** | : | Case No: 2:22-cv-00166 |
| | : | |
| Plaintiffs, | : | |
| | : | Judge William K. Sessions, III |
| vs. | : | |
| | : | |
| **Lamoille Health Partners, Inc.,** | : | **ORDER GRANTING** |
| | : | **PRELIMINARY APPROVAL OF** |
| Defendant. | : | **CLASS ACTION SETTLEMENT** |
| | : | |

Before this Court is Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement ("Motion"). The Court has reviewed the Motion and Settlement Agreement between Plaintiff and Defendant Lamoille Health Partners, Inc ("Defendant" or "LHP"). After reviewing Plaintiff's unopposed request for preliminary approval, this Court grants the Motion and preliminarily concludes that the proposed Settlement is fair, reasonable, and adequate.

IT IS HEREBY ORDERED THAT:

1. The Settlement Agreement,[1] including the proposed notice plan and forms of notice to the Class, the appointment of Plaintiff Patricia Marshall as the Class Representative, the appointment of Class Counsel for Plaintiff and the Class, the approval of Analytics as the Settlement Administrator, the various forms of class relief provided under the terms of the settlement and the proposed method of distribution of settlement benefits, are fair, reasonable, and adequate, subject to further consideration at the Fairness Hearing described below.

2. The Court does hereby preliminarily and conditionally approve and certify, for settlement purposes, the following Class:

---

[1] All capitalized terms used in this Order shall have the same meanings as set for in the Settlement Agreement.

1

> The individuals whose personal information may have been impacted during the Data Security Incident, including those individuals who received a letter from LHP notifying them of the Data Security Incident.

3. Based on the information provided: the Class is ascertainable; it consists of roughly 59,381 Settlement Class Members satisfying numerosity; there are common questions of law and fact including whether Defendant failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised in the Data Security Incident, satisfying commonality; the proposed Class Representatives' claims are typical in that they are members of the Class and allege they have been damaged by the same conduct as the other members of the Class; the proposed Class Representatives and Class Counsel fully, fairly, and adequately protect the interests of the Class; questions of law and fact common to members of the Class predominate over questions affecting only individual members for settlement purposes; and a class action for settlement purposes is superior to other available methods for the fair and efficient adjudication of this Action.

4. The Court appoints Plaintiff Patricia Marshall as the Class Representative.

5. The Court appoints Terence R. Coates and Justin C. Walker of Markovits, Stock & DeMarco, LLC and Gary M. Klinger and David K. Lietz of Milberg Coleman Bryson Phillips Grossman, PLLC as Class Counsel.

6. The Court appoints Analytics as the Settlement Administrator. LHP shall disclose the necessary PHI and PII to the Settlement Administrator for purposes of the Notice Program and Claims Administration and to fulfill the duties of the Settlement Administrator set forth in the Settlement Agreement only. The Settlement Administrator shall maintain any PII or PHI obtained from LHP securely and confidentially and shall use such information solely for purposes of effecting class notice and claims administration under the Settlement Agreement. Other than such

disclosures to Settlement Class Counsel as are expressly authorized by the Settlement Agreement, the Settlement Administrator shall not disclose any PII or PHI to any persons or entities not also bound to the confidentiality provisions of the Settlement Administrator's engagement letter and the Settlement Administrator's Business Associate Agreement with LHP without an additional court order to do so, such disclosures, if any, to be made solely as needed to perform the obligations required under the Settlement Agreement. Such authorized disclosures to Settlement Class Counsel are approved by the Court, provided Settlement Class Counsel shall maintain such information securely and confidentially and shall use such information solely for purposes of complying with the Settlement Agreement. Once the Settlement Administrator's class distributions and settlement administrative duties are complete, the Settlement Administrator shall, upon ten (10) days' notice to all counsel of record, securely destroy all PII or PHI obtained from LHP and all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of such information.

7. A Final Approval Hearing shall be held before the Court at 11 Elmwood Avenue, Burlington, Vermont, 05401, Courtroom 110, on Monday, September 30, 2024 at 10:00 A.M. for the following purposes:

   a. To determine whether the proposed Settlement is fair, reasonable, and adequate to the Class and should be approved by the Court;

   b. To determine whether to grant Final Approval, as defined in the Settlement Agreement, including conditionally certifying the proposed Class for settlement purposes only;

   c. To determine whether the notice plan conducted was appropriate;

   d. To determine whether the claims process under the Settlement is fair, reasonable and

adequate and should be approved by the Court;

    e. To determine whether the requested Class Representative Service Award of $3,500.00 to the Class Representative, and Class Counsel's combined attorneys' fees of up to one third (1/3) of the Qualified Settlement Fund ($179,982.00), and reasonable litigation expenses not to exceed $25,000.00 should be approved by the Court;

    f. To determine whether the settlement benefits are fair, reasonable, and adequate; and,

    g. To rule upon such other matters as the Court may deem appropriate.

8. The Court approves, as to the form and content, the Notices (including the Short Form Notice). Furthermore, the Court approves the implementation of the Settlement Website and the proposed methods of mailing or distributing the notices substantially in the form as presented in the exhibits to the Motion for Preliminary Approval of Class Action Settlement, and finds that such notice plan meets the requirements of Fed. R. Civ. P. 23 and due process, and is the best notice practicable under the circumstances, and shall constitute due and efficient notice to all persons or entities entitled to notice.

9. The Court preliminarily approves the following Settlement Timeline for the purposes of conducting the notice plan, settlement administration, claims processing, and other execution of the proposed Settlement:

**SETTLEMENT TIMELINE**

| | |
|---|---|
| Grant of Preliminary Approval | |
| LHP provides Settlement Class List to the Settlement Administrator | +10 days after Preliminary Approval |
| Notice Commencement Deadline | +30 days after Preliminary Approval Order |
| | |
| Class Counsel's Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Class Representative Service Award | +46 days after Notice Commencement Deadline |

4

| | |
|---|---|
| Objection Deadline | +60 days after Notice Commencement Deadline |
| Opt-Out Deadline | +60 days after Notice Commencement Deadline |
| Settlement Administrator Provides List of Objections/Exclusions to the Court and All Counsel | +70 days after Notice Commencement Deadline |
| Claims Deadline | +90 days after Notice Commencement Deadline |
| | |
| Initially Approved Claims List | +35 days after Claims Deadline |
| Initially Rejected Claims List | +35 days after Claims Deadline |
| Parties' Challenge to Any Claims | +35 days from Initially Approved Claims List |
| | |
| <u>Final Approval Hearing</u> | _____, 2024 (minimum of 210 days after Preliminary Approval Order) |
| Motion for Final Approval | -14 days before Final Approval Hearing Date |
| Settlement Administrator Provides to Court Notice of Opt-Outs and/or Objections | -14 days before Final Approval Hearing Date |
| | |
| <u>Final Approval</u> | |
| Effective Date | +30 days after Final Approval Order or 30 days from when any appeal is finalized, and a final judgment is affirmed |
| Defendant Payment of Settlement Fund amount to Settlement Administrator | +5 Days after Effective Date |
| Settlement Administrator Payment of Attorneys' Fees and Expenses to Class Counsel and Class Representative Service Award | +7 days after Effective Date |
| Settlement Administrator mails Settlement Payments | +90 days after Effective Date |
| Settlement Website Deactivation | +150 days after Effective Date |

10. In order to be a timely claim under the Settlement, a Claim Form must be either postmarked or received by the Settlement Administrator no later than 90 days after the Notice Date. Class Counsel and the Settlement Administrator will ensure that all specific dates and deadlines are added to the Class Notice and posted on the Settlement Website after this Court enters this Order in accordance with the timeline being keyed on the grant of this Order.

5

11. Additionally, all requests to opt out or object to the proposed Settlement must be received by the Settlement Administrator no later than 60 days after the Notice Date. Any request to opt out of the Settlement should, to the extent possible, contain words or phrases such as "opt-out," "opt out," "exclusion," or words or phrases to that effect indicating an intent not to participate in the settlement or be bound by this Agreement) to Analytics. Opt-Out notices shall not be rejected simply because they were inadvertently sent to the Court or Class Counsel so long as they are timely postmarked or received by the Court, Analytics, or Class Counsel. Settlement Class Members who seek to Opt-Out shall receive no benefit or compensation under this Agreement.

12. Settlement Class Members may submit an objection to the proposed Settlement under Federal Rule of Civil Procedure 23(e)(5). For an Objection to be valid, it must be filed with the Court within 60 days of the Notice Date and include each and all of the following:

(i) the name of the proceeding;

(ii) the Settlement Class Member's full name, current mailing address, and telephone number;

(iii) a statement of the specific grounds for the objection, as well as any documents supporting the objection;

(iv) the identity of any attorneys representing the objector;

(v) a statement regarding whether the Settlement Class Member (or his/her attorney) intends to appear at the Final Approval Hearing;

(vi) a statement identifying all class action settlements objected to by the Settlement Class Member in the previous five (5) years; and

(vii) the signature of the Settlement Class Member or the Settlement Class Member's attorney.

Any Objection failing to include the requirements expressed above will be deemed to be invalid. Furthermore, any Settlement Class Member objecting to the Settlement agrees to submit to any discovery related to the Objection.

13. All Settlement Class Members shall be bound by all determinations and judgments in this Action concerning the Settlement, including, but not limited to, the release provided for in the Settlement Agreement, whether favorable or unfavorable, except those who timely and validly request exclusion from the Class. The persons and entities who timely and validly request exclusion from the Class will be excluded from the Class and shall not have rights under the Settlement Agreement, shall not be entitled to submit Claim Forms, and shall not be bound by the Settlement Agreement or any Final Approval order as to LHP in this Action.

14. Pending final determination of whether the Settlement Agreement should be approved, Plaintiffs and the Class are barred and enjoined from commencing or prosecuting any claims asserting any of the Released Claims against LHP.

15. The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the potential Settlement Class Members and retains jurisdiction to consider all further requests or matters arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modification as may be agreed to by the Parties or as ordered by the Court, without further notice to the Class.

IT IS SO ORDERED.

DATED: 02/20/2024               /s/ William K. Sessions
                                Hon. William K. Sessions III
                                U.S. District Court Judge